UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alonzo J. Graham,<br><br>        Plaintiff,<br><br>v.<br><br>Warden David Reishus, Dr. James Koenig, and Kathy Reid, *RN Supervisor,*<br><br>        Defendants. | Case No. 23-cv-0263 (JWB/DLM)<br><br>**ORDER** |

This matter is before the Court on *pro se* Plaintiff Alonzo J. Graham's Motion for Appointed Counsel. (Motion ("Mot."), Doc. 28) and May 29, 2023 letter to the Court (Doc. 27). In the Motion, Mr. Graham states that he needs appointed counsel because there is a waiting list to access the law library at the Minnesota Correctional Facility located in Rush City, Minnesota ("MCF-Rush City"), followed by a waiting list for access to materials from the law library. He also states that he is not able to gather evidence, investigate his case, or acquire expert witnesses. Finally, Mr. Graham asserts that he is confused about the process and takes medication that affects his mental functioning.

Plaintiffs in civil proceedings do not have a constitutional or statutory right to appointed counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). Instead, "[i]n civil rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Foster v. Litman*, No. 19-cv-0260 (JNE/ECW), 2020 WL 4548281, at *5

(D. Minn. Aug. 6, 2020) (quoting *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982)). Before appointing counsel, a court must satisfy itself that an indigent plaintiff has made a good faith attempt to retain counsel and was unsuccessful. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Then the court should determine whether the plaintiff and the court would benefit from the assistance of counsel. *Id.* Relevant factors in determining whether appointing counsel is appropriate include "the factual complexity of the case, the ability of the indigent [party] to investigate the facts, the existence of conflicting testimony, the ability of the indigent [party] to present [their] claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986)).

Here, as a threshold matter, there is no record that Mr. Graham sought counsel and was unsuccessful. Therefore, the Court cannot be satisfied that he made a good faith attempt to retain counsel. Moreover, although Mr. Graham states there are waiting lists to use the MCF-Rush City law library and its materials, he still has access to both. And although Mr. Graham asserts that he cannot investigate the facts of this case or acquire expert witnesses, he has not identified, with any specificity, the need for and his inability to obtain certain specific discovery. Finally, if, during the course of this case, Mr. Graham is unable to meet any deadlines imposed by the Court, he may move for modification of a deadline by filing a formal motion and showing good cause as required by the Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3 of this District. Based on the above, the Court concludes that appointment of counsel is not warranted at this time.

The Court will, however, direct the Clerk of Court to provide Mr. Graham with a copy of the Court's Pro Se Civil Guidebook, a resource for litigants like Mr. Graham who are representing themselves. Finally, if this case goes to trial, Mr. Graham may renew his request for appointment of counsel at that time. *See Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam) (collecting cases).

Turning to Mr. Graham's May 29 letter, it appears to ask for legal advice about how the proceed with his claim. The Court, however, cannot provide legal advice to parties, including a *pro se* party like Mr. Graham. *Doe v. Reed*, No. 20-cv-2178 (MJD/LIB), 2021 WL 6298316, at *2 n.1 (D. Minn. July 21, 2021). Even though Mr. Graham is *pro se*, he is still required to follow the Federal Rules of Civil Procedure and the Local Rules for this District. *See Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002) ("All civil litigants are required to follow applicable procedural rules.") (citing *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001)). The Court directs Mr. Graham to the Court's Pro Se Civil Guidebook for guidance.

Accordingly, based on all the files, records, and proceedings above, **IT IS ORDERED** that Mr. Graham's Motion for Appointed Counsel (Doc. 28) is **DENIED WITHOUT PREJUDICE.**

Date: June 12, 2023                    s/Douglas L. Micko
                                       DOUGLAS L. MICKO
                                       United States Magistrate Judge