UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alonzo J. Graham, | Case No. 23-cv-0263 (JWB/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Warden David Reishus; Dr. James Koenig; and Kathy Reid, RN Supervisor, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Alonzo J. Graham's Motion to Amend/Supplement Pleadings Prisoner Complaint, (Doc. 54), and Defendants' Motion to Dismiss, (Doc. 33). Mr. Graham initiated this action on February 2, 2023, when he filed his "42 USC 1983 Complaint against James Koenig, Kathy Reid, [and] David Reishus," seeking "compensatory and punitive damages and for the [DOC] to pay for [his] damaged teeth to be fixed" after alleged dental visits that occurred in 2017 when he was incarcerated by the Minnesota Department of Corrections ("DOC"). (Doc. 1 at 5.) On June 16, 2023, Defendants filed their Motion to Dismiss/General, asserting that Mr. Graham's claims for monetary damages are barred by the Eleventh Amendment of the United States Constitution and 42 U.S.C. § 1983 because he made official capacity claims only, and that even if he sued Defendants in their individual capacities, he failed to state a cognizable claim. (Docs. 33, 35.) Mr. Graham responded to Defendants' Motion to Dismiss on July 7, 2023, with new allegations that Defendants, acting in their official and induvial capacities, violated his Eighth Amendment right to be free from cruel and unusual punishment. (Docs.

42, 43, 48.) In their reply, filed July 21, 2023, Defendants again asked the Court to dismiss Mr. Graham's complaint, or in the alternative, allow Mr. Graham, "an opportunity to submit an amended complaint . . . containing all of the allegations and claims he wishes to make within the four corners of one pleading." (Doc. 50 at 3–4 (footnote omitted).) On September 18, 2023, Mr. Graham filed his Motion to Amend/Supplement Pleadings Prisoner Complaint with the Court's permission. (Doc. 54.) For the reasons below, the Court grants Plaintiff's Motion to Amend, (Doc. 54), and denies Defendants' Motion to Dismiss, (Doc. 33), without prejudice as moot.

In his motion, Mr. Graham, "request[s] permission to amend [his] complaint to address any legal question, govern[e]d by Rule 15 of the Federal Rules of Civil Procedure and by Local Rule 15.1 . . . [and] Rule 15(a)(2)." (Doc. 54 at 1.) Federal Rule of Civil Procedure 15(a)(2) governs leave to amend a pleading and provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the right to amend is not absolute. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Courts may deny a party's motion to amend for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (citing *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

After reviewing Mr. Graham's proposed amendments and considering Defendants' request to allow Mr. Graham to amend his complaint to include all of the "allegations and

claims he wishes to make," (Doc. 50 at 3–4), the Court **GRANTS** Mr. Graham's motion and orders him to submit a clean copy of his amended complaint to the Clerk's Office for filing within 14 days of this Order.

Having granted Mr. Graham's Motion to Amend/Supplement Pleadings Prisoner Complaint, (Doc. 54), and directed him to file an amended complaint, the Court now turns to Defendants' Motion to Dismiss. (Doc. 33.) "[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an [a]mended [c]omplaint, the amended pleading renders the defendant's Motion to Dismiss moot." *Onyiah v. St. Cloud Univ.*, 655 F. Supp. 948, 958 (D. Minn. 2009) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th. Cir. 2002)). In this case, Defendants' Motion to Dismiss has been rendered moot by the Court's Order granting Mr. Graham's Motion to Amend/Supplement Pleadings Prisoner Complaint. *See Pure Country, Inc.*, 312 F.3d at 956 (citing *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 239–40 (D. Del. 1992) ("If anything, [plaintiff's] motion to amend the complaint rendered moot [defendant's] motion to dismiss the original complaint.") Therefore, Defendants' Motion to Dismiss, (Doc. 33), is **DENIED** without prejudice as moot.

Based on the above, and on all the files, records, and proceedings in this matter**, IT IS ORDERED** that:

1. Plaintiff Alonzo J. Graham's Motion to Amend/Supplement Pleadings Prisoner Complaint (Doc. 54) is **GRANTED**;

2. Mr. Graham must provide the Clerk's Office with a clean copy of his amended complaint to be filed on the docket within 14 days of this Order;

3. Defendants must answer or otherwise respond to the amended complaint within 21 days of it being filed on the docket;

4. Defendants' Motion to Dismiss (Doc. 33) is **DENIED** as moot; and

5. Plaintiff's Motion to Dismiss Defendants['] Motion to Dismiss Plaintiff[']s Claims (Doc. 42) is **DENIED** as moot.

Date: September 29, 2023         *s/Douglas L. Micko*
                                 DOUGLAS L. MICKO
                                 United States Magistrate Judge