UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alonzo J. Graham, | Case No. 23-cv-263 (JWB/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION AND ORDER** |
| Dr. James Koenig; Kathy Reid, RN Supervisor; and Warden of Oak Park-Heights, | |
| Defendants. | |

This matter is before the Court on Defendant Warden of Oak Park Heights's ("Warden") Motion to Dismiss. (Doc. 67.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends granting Defendant's Motion to Dismiss. Also before the Court are Plaintiff Alonzo Graham's Motion for Appointment of Expert Witness (Doc. 88), Motion for Temporary Restraining Order (Doc. 100), Motion for the Appointment of Counsel (Doc. 106), and Motions for Free Copies (Docs. 112, 116.) As discussed below, the Court recommends denying Mr. Graham's Motion for Temporary Restraining Order. The Court denies without prejudice Mr. Graham's Motion for Appointment of Expert Witness and Motion for the Appointment of Counsel. Finally, the Court denies in part and grants in part Mr. Graham's Motions for Free Copies.

## BACKGROUND

On February 2, 2023, Alonzo Graham filed his pro se Complaint under 42 U.S.C. § 1983, against Dr. James Koenig, Kathy Reid, R.N., and Warden David Reishus.[1] (*See generally* Doc. 1.) On June 16, 2023, Defendants collectively moved to dismiss. (Doc. 33.) Before the Court could rule on the merits of Defendants' motion, Mr. Graham filed a Motion to Amend/Supplement Pleadings. (Doc. 54.) The Court granted Mr. Graham's motion to amend the pleadings, and thus denied Defendants' motion to dismiss as moot. (Doc. 59.) Mr. Graham filed his amended complaint (the operative complaint in this case) on October 23, 2023. (Doc. 64.) In his amended complaint, Mr. Graham names as Defendants James Koenig, Kathy Reid, and Warden of Oak Park Heights[2] in their individual and official capacities. (*Id.* at 2-3.) Defendants Koenig and Reid filed their Answer on November 13, 2023. (Doc. 65.) Defendant Warden moved to dismiss on the same day. (Doc. 67.)

Mr. Graham's claims stem from dental work he received on February 2, 2017, while he was incarcerated at Minnesota Correctional Facility Oak Park Heights ("MCF-OPH"). (Doc. 64 at 3-5, 7.) Mr. Graham alleges that Defendants Koenig, Reid, and Warden "were aware of [his] serious medical need for adequate dental care and pain/antibiotic medication but were deliberately indifferent to [his] needs" in violation of "the constitutional Eighth Amendment prohibition against cruel and unusual punishment." (*Id.* at 7.) As for the

---

[1] In their Motion to Dismiss Mr. Graham's original Complaint, Defendants state that David Reishus is deceased. (Doc. 35 at 3.)
[2] Mr. Graham does not provide the Warden's name. (*See generally* Doc. 64.)

2

Warden specifically, Mr. Graham alleges that he "proceeded on with the facility grievance process and [he] was given the runaround by defendants Reid and Reishus (now deceased) . . . taking excessive time to respond or not responding at all." (*Id*. at 5.)

As relief, Mr. Graham seeks declaratory relief "declaring that the acts & omissions of the defendants have violated [his] rights, and stating defendants' duties with respect to those rights." (*Id*. at 6.) Mr. Graham also asks the Court to issue "injunctive relief, commanding the defendants to (1) provide [him] with reconstructive dental surgery to repair damaged teeth . . . [and] (2) provide continued adequate pain management aftercare." (*Id*.) Finally, Mr. Graham seeks compensatory damages "for the unnecessary deterioration of his dental heath and consequential pain and suffering[.]" (*Id*.)

## ANALYSIS

**I.   DEFENDANT WARDEN'S MOTION TO DISMISS SHOULD BE GRANTED.**

The Court first turns to Defendant Warden of Oak Park Heights' Motion to Dismiss. (Doc. 67.) The Warden argues that Mr. Graham's Complaint must be dismissed under Federal Rules of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction[3] and

---

[3] The Court construes this portion of Defendant's motion as a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1) ("But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"); *See also Hall v. Minnesota Bd. of Physical Therapy,* No. 23-cv-0665 (WMW/LIB), 2023 WL 8934307, at *2 (D. Minn. Dec. 27, 2023) ("A court must dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A defendant may challenge a plaintiff's complaint for lack of subject-matter jurisdiction either on its face or on the factual truthfulness of its averments. *See* Fed. R. Civ. P. 12(b)(1)[.]")

12(b)(6) for failure to state a claim for which relief can be granted. (Doc. 69 at 3.) Defendant Warden asserts that the Eleventh Amendment and Section 1983 bar Mr. Graham's claim for monetary damages. But, according to the Warden, even if Mr. Graham's claim were not barred, he has failed to state a cognizable claim against the Warden.

In his response, Mr. Graham asserts that the Warden is "liable for failure to . . . fulfill their duties of Warden[.]" (Doc. 81 at 1-2.) But the Warden counters in reply that dismissal is appropriate because Mr. Graham has not alleged Defendant Warden's personal involvement in any alleged unconstitutional act.

A defendant may challenge the sufficiency of a complaint in several ways under Federal Rule of Civil Procedure 12. *See* Fed. R. Civ. P. 12. Two are relevant here. A motion to dismiss under Rule 12(b)(1) challenges a court's subject-matter jurisdiction to decide an action or particular claims asserted in a complaint. *See* Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(6), requires dismissal when a complaint fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). In applying this standard, the Court accepts the

factual allegations as true and views them most favorably to Plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

### A. Mr. Graham's official capacity claims against Defendant Warden should be dismissed.

The Warden argues that Eleventh Amendment sovereign immunity bars Mr. Graham's official capacity claims against the Warden. A suit against a public employee—such as the Warden—in their official capacity is merely a suit against the public employer. *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999). Therefore, Mr. Graham's suit against Defendant Warden in their official capacity is in fact a suit against the State of Minnesota—Defendant's public employer.

"The Eleventh Amendment prohibits an action against a state unless it has unequivocally consented to suit or Congress has abrogated the state's immunity for a particular federal cause of action." *Kleiber v. Minnesota Dep't of Corr.,* No. 23-cv-311 (PJS/LIB), 2023 WL 6393219, at *4 (D. Minn. Aug. 29, 2023), *R. & R. adopted,* 2023 WL 6392298 (D. Minn. Oct. 2, 2023) (citing *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 72-73 (2000) *(*further citations omitted). Mr. Graham has brought an official capacity claim for monetary damages against Defendant Warden of Oak Park Heights. Mr. Graham's official capacity claim is thus actually a claim against the Warden's public employer: the State of Minnesota. The State of Minnesota is entitled to Eleventh Amendment immunity against federal claims Mr. Graham brings under Section 1983. *See Johnson v. MCF - St. Cloud,* No. 22-cv-1299 (JRT/BRT), 2022 WL 17723807, at *2 (D. Minn. Nov. 10, 2022) (citing *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995), *R. & R.*

*adopted sub nom. Johnson v. MCF-St. Cloud,* 2022 WL 17721510 (D. Minn. Dec. 15, 2022). Because the State of Minnesota has not waived its sovereign immunity, the Court lacks subject-matter jurisdiction over Mr. Graham's claim seeking monetary damages against Defendant Warden in their official capacity. Accordingly, this portion of Mr. Graham's claim against the Warden should be dismissed for lack of subject-matter jurisdiction.

### B. Mr. Graham's individual capacity claims against Defendant Warden should be dismissed.

The Court next addresses Mr. Graham's individual capacity claims against Defendant Warden. In his amended complaint, Mr. Graham alleges that the Warden was "deliberately indifferent to [his medical] needs." (Doc. 64 at 7.) The Warden argues that Mr. Graham has failed to allege facts establishing that the Warden directly participated in any alleged constitutional violation or failed to take corrective action because of their deliberate indifference to, or tacit authorization of, unconstitutional conduct.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A plausible complaint requires more than the possibility that a defendant is liable; indeed "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it

stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 556) (cleaned up).

In this context, to overcome Defendant Warden's Motion to Dismiss, Mr. Graham must allege facts which show that Defendant "facilitated, approved, condoned, or turned a blind eye" to unconstitutional conduct. *Pittman v. Jesson,* No. 12-cv-1410 (SRN/TNL), 2014 WL 4954286, at *21 (D. Minn. Sept. 30, 2014) (citing *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994)). But "[t]he warden's responsibility for overseeing the operations of the [prison] is an insufficient basis for liability in a suit brought under 42 U.S.C. § 1983" because the "doctrine of *respondeat superior* is inapplicable to actions brought pursuant to this section." *Glick v. Sargent,* 696 F.2d 413, 414-15 (8th Cir. 1983) (citing *Cotton v. Hutto,* 577 F.2d 453, 455 (8th Cir. 1978)) (further citation omitted). Thus, a complaint like Mr. Graham's which alleges "mere negligence in failing to detect and prevent a subordinate's conduct is not enough for liability under Section 1983." *Pittman,* 2014 WL 4954286, at *21 (quoting *Ripson*, 21 F.3d at 809).

Mr. Graham alleges that the Warden should be held responsible for the alleged actions or inactions of subordinates. But Section 1983 requires more than just a supervisor/subordinate relationship to establish liability. Here, even taking Mr. Graham's allegations as true, the amended complaint does not allege Defendant Warden's personal involvement in any unconstitutional act, nor does it allege Defendant Warden's deliberate indifference to or tacit authorization of an alleged unconstitutional act. Therefore, Mr. Graham's individual capacity claim against the Warden should be dismissed.

Accordingly, Defendant Warden of Oak Park Heights' Motion to Dismiss (Doc. 67) should be granted and Mr. Graham's claims against Defendant Warden of Oak Park Heights dismissed with prejudice.

## II. MR. GRAHAM'S MOTION FOR TEMPORARY RESTRAINING ORDER SHOULD BE DENIED.

The Court next addresses Mr. Graham's Motion for Temporary Restraining Order. (Doc. 100.) In his motion, Mr. Graham requests a "preliminary injunction against the unconstitutional mail practices in Rush City Prison . . . where [he] is currently being housed." (*Id.* at 1.) Specifically, Mr. Graham asks the Court to "[f]reeze the practice of prisoner's legal mail being held for 24-72 hours after it arrives to prison, being sent from mailroom to property to be picked up the next business day by inmates." (*Id*. at 3.) In their response, Defendants argue that Mr. Graham's motion should be denied because it "raises allegations unrelated to the conduct alleged in his amended complaint." (Doc. 120 at 3.)

A preliminary injunction is issued to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Dataphase Sys., Inc., v. C L Sys., Inc.*, 640 F.2d 109, 113 & n. 5 (8th Cir. 1981) (en banc)). For this reason, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)); *accord Owens v. Severin*, 293 F. App'x 425, 425 (8th Cir. 2008) (per curiam); *Hale v. Wood*, 89 F.3d 840, 840 (8th Cir. 1996) (per curiam) (citing *Devose*, 42 F.3d at 471); *Aery v. Nohre*, No. 22-

8

cv-0491 (PJS/TNL), 2022 WL 4084180, at *1 (D. Minn. Aug. 5, 2022), *R. & R. adopted*, 2022 WL 4080753 (D. Minn. Sept. 6, 2022); *Fiorito v. Fikes*, No. 22-cv-0512 (WMW/HB), 2022 WL 2276734, at *2 (D. Minn. May 23, 2022), *R. & R. adopted*, 2022 WL 2275866 (D. Minn. June 23, 2022); *Bakambia v. Schnell*, No. 20-cv-1434 (NEB/DTS), 2022 WL 1090537, at *3 (D. Minn. Feb. 8, 2022), *R. & R. adopted*, 2022 WL 1090602 (D. Minn. Apr. 11, 2022).

The Court finds that the harm claimed in Mr. Graham's motion and the unconstitutional conducted alleged in his amended complaint are unrelated. Mr. Graham's amended complaint concerns dental injuries he suffered at MCF-OPH in 2017. (*See generally* Doc. 24.) In contrast, his motion relates to his legal mail and mailroom policies at his current facility, Minnesota Correctional Facility Rush City ("MCF-Rush City"). (*See generally* Docs. 100-02.)

If a person fails to establish the necessary connection between his requested preliminary relief and his underlying claims in an action, no further analysis of factors concerning preliminary relief is required. *See Munt v. Larson*, No. 15-cv-0582 (SRN/SER), 2015 WL 5673087, at *18 n.23 (D. Minn. July 30, 2015) (citing *Devose*, 42 F.3d at 471) (denying plaintiff's requested preliminary relief because plaintiff established no connection between plaintiff's civil rights claim of inadequate medical care and his motion for preliminary relief because of lack of access to the court to litigate his case), *R. & R. adopted in part, rejected in part*, 2015 WL 5673108 (D. Minn. Sept. 23, 2015). But even if the Court were to consider the merits of Mr. Graham's motion seeking preliminary relief under the *Dataphase* factors, it would still find that he fails to show the imminent risk of

9

irreparable harm necessary for the Court to recommend granting him a preliminary injunction. In determining whether a preliminary injunction should issue, courts should consider "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Dataphase*, 640 F.2d at 114). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Id.* Additionally, a preliminary injunction is an extraordinary remedy, and "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotation marks omitted).

Applied here, the Court finds no basis to grant a preliminary injunction. Although Mr. Graham claims in his motion that he has been denied access to the courts because of MCF-Rush City's mailroom practices, Mr. Graham has been able to file several additional motions, and responsive pleadings both before and after he filed this Motion for Temporary Restraining Order. No threat of irreparable harm thus appears present on this record. *Accord Fiorito*, 2022 WL 2276734, at *3. Mr. Graham has failed to allege anything in his motion—particularly when tested against the docket in his case—to suggest an imminent risk of irreparable harm to his ability to prosecute this civil action or benefit fully from any relief that may be awarded. Thus, the Court recommends denying Mr. Graham's Motion for Temporary Restraining Order (Doc. 100).

### III. MR. GRAHAM'S MOTION FOR APPOINTMENT OF EXPERT WITNESS IS DENIED WITHOUT PREJUDICE.

The Court next turns to Mr. Graham's Motion for Appointment of Expert Witness. (Doc. 88.) In his motion, Mr. Graham requests that the Court appoint an "independent" expert witness "via [Federal Rule of Evidence] 706(a)[.]" (*Id.* at 1.) According to Mr. Graham, an expert witness is necessary to examine "documents, video, protocol, procedure" and conduct "a full examination of [Mr. Graham's] teeth to verify damages reported in complaint." (*Id.* at 2.) In Mr. Graham's estimation, "[a]n expert can view dental records and plaintiff's current conditions of dental ware, helping court or jury understand the issues." (*Id.*) Moreover, Mr. Graham asks the Court "to appoint an expert witness (Independent), due to [his] inability to afford one." (*Id.*) Defendants oppose Mr. Graham's motion.

Rule 706 allows a court to appoint an expert "to aid the [c]ourt, and not for the benefit of one of the parties." *Greene v. Lake,* No. 17-cv-3551 (NEB/ECW), 2018 WL 4590004, at *2 (D. Minn. Sept. 25, 2018) (quoting *Rueben v. United States*, No. 2:13-cv-33-DPM-JTK, 2014 WL 5460574, at *3 (E.D. Ark. Sept. 26, 2014) (cleaned up), *R. & R. adopted* (E.D. Ark. Oct. 27, 2014), *aff'd sub nom. Rueben v. Outlaw*, 614 F. App'x 861 (8th Cir. 2015)). The Eighth Circuit has held that under Rule 706 "the district court may order the United States, as a party, to advance the fees and expenses of lay and expert witnesses called by the court," but that "this discretionary power is to be exercised only under compelling circumstances." *United States Marshals Service v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984).

11

The Court concludes that Mr. Graham has failed to demonstrate compelling circumstances warranting the appointment of an expert witness at this time. First, even an indigent civil litigant like Mr. Graham is generally expected to bear the costs of their own experts. *Greene*, 2018 WL 4590004, at *2 (quoting *Vogel v. Turner*, No. 11-cv-0446 (PJS/JJG), 2013 WL 358874, at *11 (D. Minn. Jan. 8, 2013), *R. & R. adopted*, 2013 WL 359072 (D. Minn. Jan. 30, 2013)). Second, Mr. Graham appears to request an expert mainly for the issue of damages, which will be a consideration much later in his case. There is no need for a damages expert at this time. If defendants argue through dispositive motion practice that Mr. Graham's claims should be dismissed because there is no evidence that he has suffered damages or because Mr. Graham has proffered no evidence demonstrating any constitutional deviation from the applicable standard of care, the Court may well revisit its ruling. *Accord Spann v. Roper*, 453 F.3d 1007, 1009 (8th Cir. 2006) ("We also find it incongruous that the district court denied [Mr.] Spann's motion for an expert witness and then granted summary judgment in part based on [Mr.] Spann's failure to provide verifying medical evidence that the delay had detrimental effects.") Finally, Mr. Graham has failed to show that his underlying claim—that Defendants were deliberately indifferent to his serious medical need—is so complex as to require an expert's testimony or report to assist the Court's understanding of the case. *See Daywitt v. Harpestead*, No. 20-cv-1743 (NEB/HB), 2022 WL 420787, at *4 (D. Minn. Feb. 11, 2022) (denying appointment of

medical expert where issue not sufficiently complex). Therefore, Mr. Graham's Motion for Appointment of Expert Witness (Doc. 88) is denied without prejudice.[4]

## IV.  MR. GRAHAM'S MOTION FOR APPOINTMENT OF COUNSEL IS DENIED WITHOUT PREJUDICE.

The Court now addresses Mr. Graham's Motion for Appointment of Counsel. (Doc. 106.) This is Mr. Graham's second motion to appoint counsel. The Court denied his first motion, in part for failing to establish that he had sought counsel on his own. (Doc. 32 at 2.) In his renewed motion, Mr. Graham informs the Court that he has attempted to consult several attorneys but has been unable to secure representation. (Doc. 106 at 1.) He asserts that the issues involved in his case are complex and the law library at his facility is open only "once a week for a couple hours, and state law library takes 2 weeks minimum to send legal information." (*Id.*) He also asserts that he takes medication which affects his "mental functions" and presumably makes it difficult for him to litigate his case. (*Id.*) For these reasons, Mr. Graham argues that the Court should appoint counsel to represent him.

Civil litigants have no constitutional or statutory right to appointed counsel. *Odneal v. Schnell,* No. 22-cv-3107 (JRT/JFD), 2023 WL 3231491, at *1 (D. Minn. May 3, 2023) (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (further citation omitted)). But courts may appoint counsel if the plaintiff raises a "non-frivolous claim" and "the nature of the litigation is such that plaintiff as well as the court will benefit from the

---

[4] Although the Court recommends that Defendant Warden be dismissed with prejudice from this case, Defendants Koenig and Reid have answered Mr. Graham's amended complaint and the case against them remains pending. Accordingly, Mr. Graham is free to renew his motion to appoint an expert witness should he deem it necessary as his case proceeds.

assistance of counsel." *Patterson*, 902 F.3d at 850 (citing 28 U.S.C. § 1915(e); *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). Among the factors courts consider when deciding whether to appoint counsel are "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* (quoting *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).

The Court concludes, based on the above factors, that appointment of counsel is unwarranted at this time. While Mr. Graham implies that he has faced difficulties litigating his case, he has not alleged that he cannot investigate relevant facts or present his claims. Moreover, Mr. Graham has shown with his many filings throughout this case that he can represent his interests to the Court. And, as stated above, the Court finds that this case is neither so factually nor legally complex as to warrant the assistance of appointed counsel. Accordingly, Mr. Graham's Motion for Appointment of Counsel (Doc. 106) is denied without prejudice.[5]

## V.   MR. GRAHAM'S MOTIONS FOR FREE COPIES ARE GRANTED IN PART AND DENIED IN PART.

Finally, the Court turns to Mr. Graham's Request for Free Copies (Doc. 112) and Motion for Free Copies (Doc. 116). In his first request, Mr. Graham asks the Court for free copies of this case's docket sheet and a "clean version of Amended complaint" (Doc. 112 at 1.) In the second motion, Mr. Graham requests "copies of every document, response,

---

[5] As with Mr. Graham's Motion for Appointment of Expert Witness, he is free to renew his Motion for Appointment of Counsel as the case against Defendants Koenig and Reid proceeds.

order, attachment, letter, envelope, evidence on record from document number 42 to the most current filing from plaintiff, Defendants, and Judge/Magistrate." (Doc. 116 at 9.) According to Mr. Graham, he needs these printed documents "to prepare for trial, to discover which legal documents have been tampered with via staff interference, and to put together a complete case." (*Id.*)

The Court recognizes the logistical difficulties of litigating a court case from prison. Still, the Court will not order the wholesale printing and mailing of every filing from Docket Number 42 to the most current filing. Accordingly, the Court denies Mr. Graham's Motion for Free Copies. (Doc. 116.) The Court grants in part and denies in part Mr. Graham's Request for Free Copies. (Doc. 112.) Mr. Graham's request is denied to the extent that he seeks a "clean version of the Amended complaint." (*Id.* at 1.) However, the Court grants his request for a free print out of this case's docket sheet. The Court directs the Clerk of Court to print this case's docket sheet and send it to Mr. Graham. If Mr. Graham identifies particular pleadings on the docket that he believes are necessary to move forward with his matter, he may seek those materials through another motion identifying the pleading and the reason it is necessary.

## RECOMMENDATION

Accordingly, based on all the files, records, and proceedings above, **IT IS RECOMMENDED** that:

1. Defendant Warden of Oak Park Heights' Motion to Dismiss (Doc. 67) be **GRANTED**;

2. Mr. Graham's claims against Defendant Warden of Oak Park Heights be **DISMISSED WITH PREJUDICE**; and

3. Mr. Graham's Motion for Temporary Restraining Order (Doc. 100) be **DENIED**.

## ORDER

Accordingly, based on all the files, records, and proceedings above, **IT IS ORDERED** that:

1. Mr. Graham's Motion for Appointment of Expert Witness (Doc. 88) is **DENIED WITHOUT PREJUDICE**;

2. Mr. Graham's Motion for Appointment of Counsel (Doc. 106) is **DENIED WITHOUT PREJUDICE**;

3. Mr. Graham's Request for Free Copies (Doc. 112) is **DENIED**;

4. Mr. Graham's Motion for Free Copies (Doc. 116) is **DENIED IN PART** and **GRANTED IN PART**; and

5. The Clerk of Court is directed to send a printed copy of this case's docket to Mr. Graham.

Date: June 14, 2024              *s/Douglas L. Micko*
                                 DOUGLAS L. MICKO
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).