UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ALONZO J. GRAHAM, | Case No. 23-cv-263 (LMP/DLM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| DR. JAMES KOENIG and KATHY REID, | |
| Defendants. | |

---

Alonzo J. Graham, pro se.

Kelly S. Kemp and Carole C. Olander, **Minnesota Attorney General's Office, St. Paul, MN**, for Defendants.

Plaintiff Alonzo J. Graham ("Graham") filed the operative verified amended complaint[1] in this matter on October 23, 2023, alleging that Defendants Dr. James Koenig ("Dr. Koenig") and Kathy Reid ("Reid") deprived him of his civil rights under color of law in violation of 42 U.S.C. § 1983.[2] *See generally* ECF No. 64. Defendants moved for summary judgment and sought dismissal of Graham's claims, ECF No. 173, and Graham filed a motion in limine seeking to exclude expert testimony submitted by Defendants, ECF

---

[1] Graham filed his original complaint on February 2, 2023. ECF No. 1. He filed his amended complaint in response to a motion to dismiss filed by Defendants. *See* ECF No. 59.

[2] Graham also asserted claims under Section 1983 against the Warden of Oak Park Heights in his amended complaint. ECF No. 64 at 1. The Court dismissed those claims with prejudice on July 31, 2024, leaving only his claims against Dr. Koenig and Reid. ECF No. 149 at 6–7.

No. 225. On July 29, 2025, United States Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R"), concluding that Defendants' motion for summary judgment should be granted, Graham's motion in limine should be denied, and Graham's claims should be dismissed with prejudice. *See generally* ECF No. 241. Graham filed objections to the R&R, ECF No. 254, so the Court reviews de novo the portions of the R&R to which Graham properly and specifically objects, Fed. R. Civ. P. 72(b)(3). Graham also filed a motion seeking to introduce two new declarations in support of his objections. ECF No. 249; *see also* ECF Nos. 250–51.

Having carefully reviewed the record in this matter, the Court finds no error in the R&R. Further, the Court will not consider new evidence or arguments that were not raised before or considered by Magistrate Judge Micko in deciding Defendants' motion for summary judgment or Graham's motion in limine. Accordingly, Graham's motion to introduce new declarations is denied, his objections to the R&R are overruled, the R&R is adopted in full, and this matter is dismissed with prejudice.

## FACTUAL BACKGROUND[3]

Graham's claims relate to dental work he received in 2017 while he was incarcerated at the Minnesota Correctional Facility in Oak Park Heights ("MCF-OPH"). ECF No. 64 at 3–7. Graham asserts that in February 2017, he had an infected tooth and was seen by Dr. Koenig, who recommended that the infected tooth be removed. *Id.* at 3. Graham did

---

[3] This factual background provides only a summary of the facts necessary to review Graham's objections to the R&R upon an independent review of the record in this case. Otherwise, the Court relies on the factual basis set forth in the R&R.

2

not want the tooth removed, but Dr. Koenig told Graham that removal was the "only choice." *Id.* Dr. Koenig proceeded with the removal but did not stitch the extraction site, and Graham subsequently developed a dry socket which he describes as "very painful." *Id.* at 3–4. Graham requested pain medication and antibiotics from Dr. Koenig, but Dr. Koenig allegedly refused Graham's request. *Id.* at 4.

Graham also asserts that in March 2017, Dr. Koenig used a "drill" to clean Graham's teeth, "without any numbing agent," because the tool he ordinarily would have used for cleaning teeth "was broken." *Id.* Graham alleges that he told Dr. Koenig he felt pain and attempted to stop Dr. Koenig from proceeding, but he claims that Dr. Koenig continued over his objections. *Id.* at 4–5. Graham alleges that the cleaning stripped the enamel off several of his teeth, exposed the "root of multiple teeth," and "knocked loose" a filling in one tooth. *Id.* at 5. Graham asserts the root exposure required additional tooth extractions and has caused him to experience "constant pain up to present day." *Id.*

Graham filed grievances relating to the dental work performed by Dr. Koenig. *Id.* He claims that Reid, the RN Supervisor at MCF-OPH, *id.* at 3, "took excessive time to respond" or did "not respond[] at all" to his grievances, *id.* at 5. Graham alleges that Defendants' conduct constitutes deliberate indifference in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* at 7.

**RELEVANT PROCEDURAL BACKGROUND**

Defendants moved for summary judgment seeking dismissal of all claims against them. ECF No. 173; *see generally* ECF No. 174 (Memorandum in Support of Defendants' Motion for Summary Judgment). Graham filed a brief in opposition to Defendants' motion,

3

ECF No. 205, and a motion in limine seeking to exclude expert testimony filed in support of Defendants' motion, ECF No. 225. After the briefing was received, Magistrate Judge Micko took the motions under advisement and entered the R&R. ECF No. 241. Magistrate Judge Micko recommends that Defendants' motion for summary judgment be granted, Graham's motion in limine be denied, and Graham's claims against Defendants be dismissed. *See generally* ECF No. 241.

Graham filed a letter to the Court on August 8, 2025, indicating that he received only a copy of the docket showing that the R&R had been issued but did not receive a copy of the R&R itself. ECF No. 242. Magistrate Judge Micko directed the Clerk of Court to mail a copy of the R&R to Graham and sua sponte extended the deadline for Graham to file objections to the R&R to August 29, 2025. ECF No. 244. Graham filed a motion requesting a second extension to file his objections on August 25, 2025. ECF No. 245. For good cause shown, the Court granted Graham's motion and extended the deadline for his objections to September 19, 2025. ECF No. 246. Graham then filed another motion requesting a third extension, ECF No. 247, which the Court denied, ECF No. 248.

The Court received Graham's objections on September 24, 2025, ECF No. 254, along with a motion seeking to introduce declarations from two non-parties in support of his objections, ECF No. 249. Graham's filings are postmarked September 22, 2025, but the Court notes that Graham appears to have written the date September 19, 2025, on the envelope he used to mail his filings. *See* ECF No. 249-1. Although Graham's filings were postmarked after the deadline passed to file his objections, the Court considers them timely

4

filed in the interest of ensuring that Graham be heard on his objections. *See Grinder v. Gammon*, 73 F.3d 793, 794 (8th Cir. 1996).

## STANDARD OF REVIEW

If a party raises timely objections to a magistrate judge's recommendation on a dispositive motion, the presiding district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district judge need not "conduct a new hearing when ruling on a party's objections" and may "rel[y] on the record of proceedings before the magistrate judge." D. Minn. L.R. 72.2(b)(3). Absent specific objections, the district judge reviews the magistrate judge's recommendation for clear error. *Grinder*, 73 F.3d at 795. In addition, a district court must liberally interpret a pro se party's objections to a magistrate judge's order. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (stating that pro se filings must "be liberally construed").

## ANALYSIS

In his objections to the R&R, Graham largely reiterates the allegations in his amended complaint and the arguments he raised in his response to Defendants' motion for summary judgment and his motion in limine. *Compare* ECF No. 254, *with* ECF No. 205, *and* ECF No. 225. Nonetheless, the Court discerns that Graham primarily objects to Magistrate Judge Micko's conclusion that Graham did not demonstrate a genuine dispute of material fact sufficient to overcome Defendants' motion for summary judgment or

5

provide a sufficient basis to exclude the expert testimony submitted by Defendants in support of their motion. *See* ECF No. 254 at 2, 12–13.

Having carefully considered Graham's objections, the Court finds them unavailing. Before discussing the merits of Graham's objections, however, the Court first addresses Graham's motion to introduce two new declarations.

I.  **Graham's Motion To Introduce New Declarations**

As noted, Graham filed a motion, which he titled "Motion in Limine," to introduce declarations by two non-parties in support of his objections.[4] ECF No. 249; *see* ECF Nos. 250–51. However, the declarations were not part of the record before Magistrate Judge Micko when he considered Defendants' motion for summary judgment or Graham's first motion in limine. As a result, they are beyond the scope of the Court's review of the R&R and will not be considered. *See Williams v. Mississippi*, No. 23-cv-0086, 2023 WL 3558157, at *1 (D. Minn. May 18, 2023) ("[T]he Court does not consider new evidence that was not submitted to the magistrate judge for consideration."), *aff'd*, No. 23-2676, 2023 WL 9286062 (8th Cir. Sept. 12, 2023); *see also Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000) (holding that a party who objects to an R&R may not raise new arguments that were not raised before or considered by the magistrate judge because "[t]o hold

---

[4]  Although Graham titled his submission "Motion in Limine," he seeks to introduce previously undisclosed evidence, not to exclude evidence proffered by Defendants. *See Motion in Limine*, Black's Law Dictionary (12th ed. 2024) (defining "motion in limine" as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial"). Nonetheless, to avoid any confusion, the Court refers to Graham's September 2025 motion as his "second motion in limine" in this Order. Likewise, the Court refers to Graham's March 2025 motion as his "first motion in limine."

6

otherwise would allow a claimant to . . . effectively have two opportunities for judicial review"); D. Minn. L.R. 72.2(b) (stating that a district judge may "rel[y] on the record of proceedings before the magistrate judge"). Accordingly, Graham's second motion in limine is denied.

Graham also filed seventeen pages of exhibits in support of his objections. *See* ECF No. 255. The exhibits largely appear to be duplicative of exhibits that were previously submitted by the parties and were properly before Magistrate Judge Micko when he assessed Defendants' motion for summary judgment and Graham's first motion in limine. To be clear, however, to the extent any of those exhibits are raised for the first time here, the Court will not consider them.

**II.     Graham's Objections**

To establish a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment, Graham must show that: (1) he suffered from "objectively serious medical needs"; and (2) Defendants "actually knew of but deliberately disregarded those needs." *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (citation omitted). Deliberate indifference "is 'more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Id.* (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

As the Court understands his objections, Graham argues that Magistrate Judge Micko: (1) did not treat Graham's verified amended complaint as an affidavit for purposes of deciding Defendants' motion for summary judgment, ECF No. 254 at 2; (2) improperly

7

drew inferences from the record in Defendants' favor, *see id.* at 2–3; and (3) erroneously denied Graham's first motion in limine seeking to exclude Defendants' expert testimony, which Graham contends is biased, was "submitted in bad faith," and relied on "illegally obtained" medical records, *id.* at 12–13. Graham also asserts that Defendants "largely ignored" his discovery requests. *Id.* at 14.

For the reasons discussed below, the Court overrules each of Graham's objections.

### A.     Failure To Treat Graham's Amended Complaint as an Affidavit

Graham asserts that a verified complaint "should be treated as a sworn statement for the purpose of summary judgment" and that the facts he alleged in his verified amended complaint establish "a dispute about material facts suitable for resolution at trial, not summary judgment." *Id.* at 2. Although Graham is correct insofar as factual allegations in a verified complaint *may* be sufficient to establish the existence of a genuine dispute of material fact for purposes of summary judgment, his argument is nonetheless unpersuasive.

As an initial matter, there is no indication that Magistrate Judge Micko did not carefully consider the materials in the record, including Graham's amended complaint, in deciding Defendants' motion for summary judgment. Indeed, in his analysis, Magistrate Judge Micko repeatedly referenced the allegations in Graham's amended complaint. *See, e.g.*, ECF No. 241 at 4–5, 10, 12–13. For that reason alone, Graham's objection is unavailing.

Turning to the merits of his argument, Graham cites *Berry v. Doss*, 900 F.3d 1017 (8th Cir. 2018), in support of his objection. ECF No. 254 at 2. In *Berry*, the defendants moved for summary judgment at the district court, but the plaintiff—acting pro se—did not

respond to the defendants' motion. 900 F.3d at 1019–20. In the absence of a response by the plaintiff, the magistrate judge considering the motion relied on facts alleged in the plaintiff's verified complaint, reasoned that "there were important facts in dispute," and recommended that the defendants' motion be denied in part. *Id.* at 1020, 1022. The district court later adopted the magistrate judge's recommendation. *Id.* at 1020.

On appeal, the defendants argued that because the plaintiff did not respond to the motion for summary judgment, "it was error for the district court to fail to credit the unrebutted proof" submitted by the defendants. *Id.* at 1021 (citation modified). The Eighth Circuit disagreed with the defendants that "the district court was *required* to accept" the defendants' account as true merely because the plaintiff "did not file a response to their motion for summary judgment." *Id.* at 1022. The Eighth Circuit explained that it was "proper" for the district court to rely on the allegations in the plaintiff's verified complaint "to conclude there were material issues of fact in dispute." *Id.* The court further explained that a verified complaint is "equivalent to an affidavit," and that there were "enough factual allegations in the verified complaint to support the district court's finding." *Id.*

Here, as in *Berry*, Graham submitted a verified complaint, *see* ECF No. 64 at 9, so it is properly construed as "equivalent to an affidavit," *Berry*, 900 F.3d at 1022. Unlike in *Berry*, however, Graham filed a response in opposition to Defendants' motion for summary judgment, ECF No. 205, and submitted evidence in support of his response, *see* ECF Nos. 207, 207-1. On summary judgment, a court "need consider *only the cited materials*" and *"may* consider other materials in the record." Fed. R. Civ. P. 56(c)(3) (emphasis added). Importantly, the "mere existence of *some* alleged factual dispute between the

9

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In his response to Defendants' motion for summary judgment, Graham referred to his verified amended complaint only once, for precisely the proposition he raises here: that a verified complaint "is treated as an affidavit for summary judgment purposes." ECF No. 205 at 22. But besides that single reference, Graham did not otherwise cite his amended complaint nor any specific allegations in his amended complaint. *See generally id.* And Magistrate Judge Micko was not required to search the record for facts that might support Graham's position. *Glover v. Bostrom*, 31 F.4th 601, 605 (8th Cir. 2022) (rejecting an appellant's argument that "evidence available in the record, but not attached to or identified in his summary judgment responses, establishe[d] a triable fact dispute" because "district courts are not required to wade through the entire record of the case" and "hunt for facts that might support a party's opposition to summary judgment"). Graham's "status as a pro se litigant does not change that expectation." *Id.* (emphasis omitted); *see also Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) ("[P]ro se litigants are not excused from compliance with relevant rules of the procedural and substantive law.").

Moreover, even taking Graham's verified amended complaint as an affidavit, "[i]t is black letter summary judgment law that a conclusory, self-serving affidavit will not defeat an otherwise meritorious summary judgment motion." *Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205, 1209 (8th Cir. 2021) (citation omitted). In effect, Graham asks the Court to find a genuine dispute of material fact based purely on his say-so, without

10

having to satisfy his burden of identifying specific materials in the record that support his position. *See Glover*, 31 F.4th at 605. That will not do. *See* Fed. R. Civ. P. 56(c)(3); *see also Scott*, 550 U.S. at 380; *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

For these reasons, the Court overrules this objection.

**B.      Improper Drawing of Inferences in Defendants' Favor**

Graham argues that Magistrate Judge Micko "erroneously drew all justifiable inferences" in Defendants' favor when assessing their motion for summary judgment. ECF No. 254 at 2. He asserts that this is "blatantly obvious" because Magistrate Judge Micko "failed to even mention" Graham's "multiple verified documents, that are affidavits for summary judgment purposes." *Id.* at 2–3. Graham also contends that Magistrate Judge Micko "wrongfully decided facts" regarding, for example, "which tool was used" by Dr. Koenig while cleaning Graham's teeth in March 2017. *Id.* at 7.

To the extent that Graham bases this objection on Magistrate Judge Micko's purported failure to treat Graham's verified amended complaint as an affidavit, the objection is overruled for the reasons already discussed. Looking beyond Graham's amended complaint, the Court remains unpersuaded by Graham's objection.

When considering a motion for summary judgment, a court "must view the record in the light most favorable to the nonmoving party" and "draw all reasonable inferences in the nonmoving party's favor." *Micone v. Levering Reg'l Health Care Ctr., L.L.C.*, 132 F.4th 1074, 1078 (8th Cir. 2025) (citations omitted). Importantly, however, "facts must be

11

viewed in the light most favorable to the nonmoving party *only if* there is a genuine dispute as to those facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (emphasis added) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)). In other words, to establish that there is a genuine issue for trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)); *see Scott*, 550 U.S. at 380.

The Court agrees with the R&R's conclusion that there is no genuine dispute as to any material fact relating to Graham's claims. For example, Graham alleges that in March 2017, Dr. Koenig used a "drill" to clean Graham's teeth, ECF No. 64 at 4, but he does not identify any evidence in the record to support this allegation and repeatedly insists that the Court simply must accept it as true for purposes of summary judgment because he asserted it in a verified complaint alongside his related grievance forms. *See, e.g.*, ECF No. 254 at 7 ("Plaintiff is 100% positive that [Dr.] Koenig used the drill . . . to break structure of teeth . . . on [the] dental 'cleaning' visit."); *id.* at 11 ("[P]laintiff's verified complaint and multiple grievances and kites, preclude summary judgment."). Defendants, on the other hand, submitted evidence to rebut that allegation in the form of Dr. Koenig's contemporaneous notes from Graham's March 2017 visit, which show that Dr. Koenig used an ultrasonic scaler, not a "drill," to clean Graham's teeth. ECF No. 176-1 at 7 (noting "ultrasonic scale of all teeth"). Dr. Koenig explained that an ultrasonic scaler is a dental device which uses "water and high frequency vibration to dislodge tartar/calculus from around the root of the tooth." ECF No. 179 ¶ 68. Indeed, Graham's allegations actually

*support* Dr. Koenig's assertion that he used an ultrasonic scaler, not a "drill," to clean Graham's teeth. *See* ECF No. 64 at 5 (Graham alleging that "[w]ater was spraying all in [his] eyes" when Dr. Koenig cleaned his teeth); ECF No. 216 ¶ 22 (explaining that "[i]t is normal for the ultrasonic scaler to create water spray" and that "[a] dental drill would not produce a copious amount of water spray"). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

Graham asserts that Defendants "illegally and maliciously altered" his medical records, ECF No. 254 at 4, but this is merely a conclusory allegation that is unsupported by the record—which Graham acknowledged in his response to Defendants' motion for summary judgment. *See* ECF No. 205 at 9 ("[Dr.] Koenig and Defense attorneys have entered false evidence! . . . As of now, [P]laintiff is in the process of proving this but will go on with summary judgment as is."). Further, a review of Graham's response to Defendants' motion for summary judgment shows that Graham relied almost entirely on similarly conclusory allegations in his amended complaint in attempting to show the existence of a genuine dispute of material fact. *See, e.g.*, ECF No. 205 at 22 ("Plaintiff's affidavit conflicts [with] [D]efendants' evidence, which requires a jury trial."). As already noted, that is insufficient.[5] *See Smith*, 987 F.3d at 1209; *Anderson*, 477 U.S. at 252.

---

5   Graham also asserts that Magistrate Judge Micko exhibited bias in the way he discussed the factual background in this case, specifically by describing the dental work underlying Graham's claims as having occurred "a decade ago" when, in fact, it "was

13

In sum, what Graham frames as the improper drawing of inferences and viewing of the record in Defendants' favor was, in fact, an exercise in assessing the evidence under the appropriate legal standards that apply to motions for summary judgment. *See Torgerson*, 643 F.3d at 1042. There are no reasonable inferences to be drawn in Graham's favor from his conclusory allegations, especially given that Defendants provided evidence that contradicts those allegations. *See Scott*, 550 U.S. at 380. And without any showing by Graham of any genuinely disputed material fact, Magistrate Judge Micko was not required to view the facts in the light most favorable to Graham. *Torgerson*, 643 F.3d at 1042. Accordingly, this objection is overruled.

C.   **Denial of Graham's Motion in Limine**

Graham appears to argue that Magistrate Judge Micko erroneously denied Graham's motion in limine seeking to exclude expert testimony by Dr. Brian Kajewski ("Dr. Kajewski") submitted in support of Defendants' motion for summary judgment. *See* ECF No. 254 at 12–13. Dr. Kajewski is a licensed dentist who was formerly employed by the Minnesota Department of Human Services from 2014 to October 2024 and, in that capacity, provided dental services to inmates at a different Minnesota correctional facility than the one where Graham is incarcerated. ECF No. 181 ¶¶ 1–2, 6–7. He then became the Chief

---

8 years ago." ECF No. 254 at 13. Judges are presumed to be impartial, and Graham bears "the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992). But Graham misrepresents what Magistrate Judge Micko actually wrote: "Mr. Graham's claims stem from dental work he received *nearly* a decade ago . . . ." ECF No. 241 at 2 (emphasis added). Describing an event that happened eight years ago as occurring "nearly a decade ago" is neither inaccurate nor indicative of bias. Therefore, to the extent Graham intended this assertion of bias to be its own objection, that objection is overruled.

14

Dentist for the Minnesota Department of Corrections ("DOC"). *Id.* ¶ 2. Dr. Kajewski reviewed Graham's dental records and offered expert opinions as to whether Dr. Koenig adhered to the standards of care for dentists in Minnesota. *See generally id.*; ECF No. 216.

In his motion in limine, Graham argued that he never authorized Dr. Kajewski to review his dental records and had previously "terminated authorization of [D]efendants viewing [his] medical record[s]." ECF No. 225 at 2. He also argued that the Court should not consider Dr. Kajewski's testimony because Graham asserts that Dr. Kajewski is biased in favor of Defendants because of a purported working relationship between Dr. Kajewski and Dr. Koenig. *See id.* at 1. Graham further asserts now that Dr. Kajewski's declarations were "submitted in bad faith" and that Dr. Kajewski was not authorized to view his dental records, which he claims were "illegally obtained." ECF No. 254 at 12–13.

### i.   Bias and Bad Faith

As it relates to Graham's argument that Dr. Kajewski was biased because of a pre-existing professional relationship with Dr. Koenig, Dr. Koenig stated that he retired from his dental practice in 2021. ECF No. 179 ¶¶ 1, 3. Although Dr. Kajewski previously performed work for the DOC at a different correctional facility than MCF-OPH, he did not become Chief Dentist for the DOC until 2024. ECF No. 181 ¶ 2. And Dr. Kajewski stated that he "do[es] not know Dr. Koenig and do[es] not recall ever having met him." ECF No. 216 ¶ 23. There simply is no indication that Dr. Kajewski's expert opinions were biased or otherwise influenced by any relationship, professional or otherwise, with Dr. Koenig.

Further, Graham cites Federal Rule of Civil Procedure 56(h), which authorizes courts to sanction any party who submits a declaration "in bad faith." But Graham did not argue in his motion in limine that Dr. Kajewski's first declaration was submitted in bad faith; he argued that Dr. Kajewski's opinion testimony was "clearly bias[ed]." ECF No. 225 at 1. As previously discussed, Graham may not raise new arguments in his objections to the R&R that he did not raise before Magistrate Judge Micko in the first instance. *Roberts*, 222 F.3d at 470.

Regardless, the Court discerns no bad faith in the submission of either of Dr. Kajewski's declarations. Further, given the nature of Graham's claims, which require an examination of dental records and an understanding of the standards of care for dental work, the Court finds it helpful to have expert testimony from a licensed, non-party dentist to determine whether there was any deliberate indifference to Graham's known medical needs.

### ii. Improper Access to Dental Records

Graham contends that he did not authorize Dr. Kajewski to view his dental records. *See* ECF No. 254 at 12. That argument is unavailing and undermined by the record. On June 17, 2024, Graham did, in fact, authorize the release of his "medical and dental information" to Dr. Koenig. ECF No. 129. That authorization form plainly states that Dr. Koenig was permitted to use Graham's dental records "in connection with th[is] lawsuit . . . for one year." *Id.* Almost immediately thereafter, Graham filed a motion to terminate that authorization. ECF No. 132. That motion was denied as moot after Graham issued a second authorization dated July 31, 2024, granting "Defendant[s]" access to his

16

dental records in response to a motion to compel filed by Defendants. ECF Nos. 152, 154. Defendants later engaged and disclosed Dr. Kajewski as an expert witness in October 2024. ECF No. 232-1 at 3–4. Then, in January 2025, Graham filed a document claiming that "as of" January 13, 2024, he had "terminate[d] medical authorization to [D]efendants," ECF No. 208, and attached as an exhibit a "kite" purportedly executed on that date stating that Graham intended to "terminat[e] any and all access to [his] medical records" by anyone except for a non-party he identified, ECF No. 208-1. But, again, Graham authorized the release of his dental records to Defendants on July 31, 2024—six months after he purportedly terminated Defendants' access to those records in January 2024. ECF No. 152. Therefore, to the extent he claims his January 2024 termination of authorization precluded Defendants from accessing his dental records, he superseded that termination by authorizing Defendants to access those records in July 2024.

Further, Graham noted in his motion in limine that Dr. Kajewski viewed Graham's dental records on February 12–13, 2025. ECF No. 225 at 2. In his second declaration, Dr. Kajewski acknowledged that on those dates, he reviewed "original x-rays taken of Graham's teeth." *See* ECF No. 216 ¶ 6. It is true that those dates fell after Graham's purported termination of authority that he filed in January 2025. But Dr. Kajewski's first declaration is dated October 19, 2024, and was filed two days later. ECF No. 181 at 9. Even if Dr. Kajewski viewed Graham's dental records in February 2025, any new information he gathered then could not have formed the basis for the opinions he offered in his first declaration, which was filed four months earlier. In any event, by the time Graham purportedly terminated Defendants' access in January 2025, the records Graham

17

now claims were "illegally obtained" had clearly already been produced to Defendants because Graham *himself* had authorized their disclosure.

Finally, as Graham acknowledged in his response to Defendants' motion for summary judgment, Dr. Kajewski served as an expert witness for Defendants. *See* ECF No. 205 at 26; ECF No. 232-1 at 3–4 (disclosing Dr. Kajewski as an expert witness). He raised no dispute as to Dr. Kajewski's qualifications or expertise in his motion in limine. *See generally* ECF No. 225. And by raising claims premised on allegations of improper dental care by Dr. Koenig, Graham indisputably placed his dental health condition and treatment in controversy, and he may not unilaterally deny access to dental records that are directly relevant to his claims. *See, e.g., Clark v. Roy*, No. 15-cv-2778 (SRN/HB), 2016 WL 11669528, at *1–2 (D. Minn. Sept. 18, 2016) (ordering an incarcerated plaintiff to produce medical records because the plaintiff "placed his physical condition in controversy" and the records were "plainly relevant"); *Allen v. Reid*, No. 15-cv-1905 (WMW/SER), 2016 WL 7670606, at *10 (D. Minn. Nov. 29, 2016) (ordering an incarcerated plaintiff to produce medical records relating to his claims of deliberate indifference based on improper medical care because the defendant physician was entitled to defend himself), *report and recommendation adopted as modified*, 2017 WL 102963 (D. Minn. Jan. 10, 2017). And Dr. Kajewski, as Defendants' expert, is equally entitled to view

and consider those records for the purpose of assisting Defendants in mounting their defense.[6]

In sum, Graham, on the one hand, has put his dental health condition and treatment directly at issue in this case while, on the other hand, seeking to limit Defendants' access to the dental records necessary for them to defend themselves from his claims. Simply put, that is both manifestly unfair and contrary to justice. There is no basis to conclude that Dr. Kajewski's expert declarations should be excluded for the reasons Graham asserts. And notwithstanding Graham's arguments of bias or improper access to his dental records, Magistrate Judge Micko recommends denying Graham's motion as moot because his recommendation that Graham's claims be dismissed "stands with or without consideration of Dr. Kajewski's declaration." ECF No. 241 at 19. This Court agrees. Accordingly, Graham's first motion in limine is denied.

### D. Failure To Respond to Discovery Requests

Graham concludes his objections to the R&R by stating that Defendants "largely ignored" Graham's interrogatories and requests for production of documents. ECF No. 254 at 14. Graham raises this issue far too late. Under the pretrial scheduling order in this matter, fact discovery ended on August 20, 2024. ECF No. 79 at 2. The appropriate method

---

[6] This presumes that Dr. Kajewski, as the Chief Dentist for the DOC, needed Graham's authorization to access or view Graham's dental records in the first place, given that Graham is an inmate at a Minnesota correctional facility. *See* ECF No. 231 at 8–9, 9 n.4. Given the Court's independent analysis and ability to assess Graham's objection without consideration of Dr. Kajewski's expert declaration, the Court need not reach that issue.

for Graham to raise issues regarding Defendants' responses—or lack thereof—to his discovery requests was to file a motion to compel under Federal Rule of Civil Procedure 37(a)(3)(B). Graham did not do so. Further, the deadline to file such a motion was September 20, 2024—more than one year ago. ECF No. 79 at 3. Therefore, to the extent Graham objects to the R&R on the basis that Defendants did not comply with their discovery obligations, his objection is overruled as improperly raised and untimely.

## ORDER

After a careful review of the record in this case, the R&R, and Graham's objections, the Court finds no error in the R&R's findings and conclusions. Accordingly, based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Graham's first Motion in Limine (ECF No. 225) is **DENIED**;

2. Graham's second Motion in Limine (ECF No. 249) is **DENIED**;

3. Graham's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 254) are **OVERRULED**;

4. The R&R (ECF No. 241) is **ADOPTED** in its entirety;

5. Defendants' Motion for Summary Judgment (ECF No. 173) is **GRANTED**; and

6. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 30, 2025            *s/Laura M. Provinzino*
                                                  Laura M. Provinzino
                                                  United States District Judge