UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALONZO J. GRAHAM, | Case No. 23-cv-263 (LMP/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| DR. JAMES KOENIG and KATHY REID, | |
| Defendants. | |

This matter is before the Court on Plaintiff Alonzo J. Graham's application to proceed *in forma pauperis* ("IFP") on appeal, ECF No. 264, and request for copies of the documents he submitted in connection with his notice of appeal, ECF No. 266. The Court grants both.

As a threshold matter, the Court considers Graham's notice of appeal timely filed. The Court issued an order on November 4, 2025, extending the deadline for Graham to file a notice of appeal within thirty days of October 30, 2025, consistent with Federal Rule of Appellate Procedure 4(a)(5)(C). ECF No. 262 at 1–3. Because that date—November 30, 2025—was a Sunday, however, the Court noted that "Graham's notice of appeal must be received by Monday, December 1, 2025." *Id.* at 3 n.1 (citing Fed. R. Civ. P. 6(a)(C)). The Court received Graham's notice of appeal on December 5, 2025. ECF No. 263. Nonetheless, it is dated November 27, 2025, *id.* at 2, and the envelope in which it was mailed is postmarked December 1, 2025, ECF No. 267-1. Therefore, applying the so-called "mailbox rule," Graham's notice of appeal is timely. *See Hamm v. Moore*, 984 F.2d

890, 892 (8th Cir. 1992) (holding a prisoner's notice of appeal is timely "if he delivered the notice of appeal to prison authorities within the filing time limit with instructions that it be mailed").

As for whether Graham qualifies for IFP status on appeal, the Court notes that Graham was permitted to proceed IFP in this matter. ECF No. 16. As such, he may proceed IFP on appeal "without further authorization" unless the Court "certifies that the appeal is not taken in good faith" or finds that Graham "is not otherwise entitled" to proceed IFP. Fed. R. App. P. 24(a)(3)(A). The Court finds no basis to conclude that Graham's appeal is not taken in good faith or that he is not otherwise entitled to proceed IFP. Graham therefore may proceed IFP on appeal "without further authorization," *id.*, so his IFP application is denied as moot.

Turning to Graham's request for free copies of "all documents" he filed "concerning [his] appeal," ECF No. 266, the Court observes—as it has previously, *see* ECF No. 262 at 3—that Graham appears to have sent the handwritten original copies of his filings. For the same reasons it has previously granted these requests by Graham, *see id.*, the Court grants his present request and will direct the Clerk of Court to mail copies of the documents he submitted in connection with his appeal, as set forth below.[1]

---

[1]  Nevertheless, should Graham find himself as a party to litigation in this District or any other court in the future, and to the extent it is possible, the Court encourages Graham to secure copies of his filings before mailing them rather than sending the original copies.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Graham's Application to Proceed IFP on Appeal (ECF No. 264) is **DENIED** as moot;[2]

2. Graham's Motion for Free Copies (ECF No. 266) is **GRANTED**; and

3. The Clerk of Court is directed to mail a current copy of the docket sheet for this matter along with copies of ECF Nos. 263, 264, 265, 266, 267, and 268 (including all attachments thereto) to Graham at the address listed for Graham in this matter.

Dated: December 16, 2025                    *s/Laura M. Provinzino*
                                            Laura M. Provinzino
                                            United States District Judge

---

[2] To be clear, the Court denies Graham's IFP application as moot because, as discussed above, Graham was already permitted to proceed IFP in this matter and does not require further authorization to proceed IFP on appeal.